IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

    Petitioner,                  No. CIV S-10-0704 DAD P

    vs.

JAMES WALKER,

    Respondent.               ORDER

                                 /

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and an application requesting leave to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        In his habeas petition, petitioner claims that he did not receive a fair and impartial prison disciplinary hearing because he did not receive certain documents prior to the hearing and the hearing officer was biased. However, petitioner fails to explain in his petition (1) where the disciplinary hearing at issue took place; (2) the specific charges or rules infraction the served as the basis for the disciplinary action; and (3) the disposition following the hearing, including

1

whether petitioner lost time credits as a result. Petitioner is informed that if he did not lose time credit, a habeas action is not cognizable. This is because the purpose of a petition for a writ of habeas corpus is to challenge the fact or duration of a prisoner's custody and to obtain his immediate or earlier release from custody. See Preiser v. Rodriguez, 411. U.S. 475, 483 (1973); see also Cobb v. Mendoza-Powers, No. EDCV 08-1920 JHN (FFM), 2010 WL 364453, at *5 (C.D. Cal. Jan. 25, 2010) (holding that if petitioner did not lose good time credits for failing to comply with prison regulations and was assessed 40 hours of extra duty prison work, the extra hours did not implicate the fact or duration of petitioner's sentence and his claim concerning that punishment is not cognizable in a § 2254 habeas action).

For the reasons set forth above, the court will dismiss petitioner's habeas petition and grant him leave to file an amended petition. In the amended petition, petitioner must provide the information set forth above. Petitioner may also attach a copy of the rules violation report to any amended petition he elects to file in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 24, 2010 request for leave to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's petition for a writ of habeas corpus, filed on March 24, 2010, is dismissed;

3. Petitioner is granted thirty days from the date of service of this order to file an amended habeas petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petition must use the form petition provided by the court; petitioner's failure to file an amended petition in accordance with this order will result in the dismissal of this action; and

/////

/////

4. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus.

DATED: April 30, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ngu0704.9