IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

    Petitioner,                         No. CIV S-10-0704 FCD DAD P

    vs.

JAMES WALKER,                         FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

         Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a prison disciplinary conviction finding him guilty of indecent exposure. Before the court is respondent's motion to dismiss this action due to petitioner's failure to state a cognizable claim and for failing to first exhaust his habeas claims by fairly presenting them to the California Supreme Court. Petitioner has filed an opposition to the motion.

**ARGUMENTS OF THE PARTIES**

I. <u>Respondent's Motion</u>

    A. The Amended Habeas Petition Fails to State a Cognizable Claim

         Respondent argues that petitioner failed to meet the heightened pleading requirements applicable to federal habeas petitions when he failed to allege substantive facts in

1

support of his claims. (Doc. No. 11 at 3.) Specifically, according to respondent petitioner failed to include the date of the prison disciplinary hearing at issue and failed to attach a copy of the rules violation report as an exhibit to his petition. (Id.)[1]

Next, respondent argues that in this case petitioner's 90-day loss of time credits imposed as a result of the disciplinary conviction does not impact the fact or duration of petitioner's confinement. (Id. at 3-4.) According to respondent, petitioner is serving an indeterminate term of life in prison with the possibility of parole and that by 2008 petitioner had passed his minimum eligible parole date (MERD) and had received his first initial parole consideration hearing. (Id. at 4-5.) Thus, respondent argues, the statutory time credit earnings and losses do not affect the duration of petitioner's incarceration. (Id. at 5.) Respondent contends that when petitioner is released from prison depends solely on when the Board of Parole Hearings ("Board") finds him suitable for parole, what base term is set, and how much post-conviction credit the board elects to apply to the base term. (Id.) Therefore, respondent argues, petitioner is challenging a condition of his confinement, not the validity or length of his sentence. (Id.)

B. The Amended Petition is Unexhausted

Respondent next argues that petitioner failed to exhaust his habeas claims in state court because the habeas petition he filed with the California Supreme Court is procedurally deficient. (Id. at 6.) Respondent notes that in denying petitioner habeas relief the California Supreme Court cited to its decisions in In re Swain, 34 Cal. 2d 300, 304 (Cal. 1949) and People v. Duvall, 9 Cal. 4th 464, 474 (Cal. 1995). (Id.) Respondent argues that citation to those cases indicate that habeas relief is being denied by the state court based on the insufficiency of the pleading and due to the petitioner's failure to provide reasonably available documentary evidence

---

[1] Despite these alleged inadequacies in the pleading, respondent appears to acknowledge that petitioner is challenging his 2008 prison disciplinary conviction for indecent exposure which resulted in his 90-day loss of time credits. (Doc. No. 11 at 2.)

2

to support his claims. (Id.) Respondent argues that petitioner could have cured these pleading defects by filing an amended petition with the California Supreme Court but failed to do so. (Id.) Because the California Supreme Court was not given a fair opportunity to address the merits of the claims, respondent argues, the pending amended federal habeas petition should be dismissed as unexhausted. (Id. at 7.)

II. Petitioner's Opposition (Doc. No. 12)

In response to respondent's assertion that he was assessed a 90-day loss of time credits due to the challenged prison disciplinary conviction, petitioner points out that he was also assessed nine months in the segregated housing unit (SHU) which, according to petitioner, was a form of "torture[.]" (Opp'n at 1.) As to respondent's argument that the prison rules violation has no impact on his life term confinement, petitioner argues that the prison disciplinary conviction impacts his eligibility for release on parole. (Id.) Petitioner notes that under current state law the denial of parole can result in another fifteen years of imprisonment before he is again considered for parole. (Id. at 1-2.) Petitioner asserts that a "90 days lost [sic] of credit may be construed as meaningless for a Lifer, but in Petitioner's case, this lost [sic] of 90-day is an astronomical factor that will eventually lead to a 15 years [sic] denial of parole." (Id. at 2.)

Finally, as to respondent's argument that he failed to exhaust his claims in state court, petitioner asserts that he is not an attorney and that he did his best under the circumstances to present his claims to the California Supreme Court. (Id. at 3.)

## THE EXHAUSTION REQUIREMENT

The exhaustion of claims in state court is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id.

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). The state court has had an opportunity to rule on the merits when the petitioner has fairly presented his claims to that court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

In this case, the California Supreme Court denied petitioner's habeas petition with citations to In re Clark, 34 Cal. 2d at 304 and People v. Duvall, 9 Cal. 4th at 474. In In re Clark, the California Supreme Court held, "we do require of a convicted defendant that he allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts." 34 Cal. 2d at 304. In that case, the application for writ of habeas corpus was denied "without prejudice to the filing of a new application which shall met the requirements above specified." Id. In People v. Duvall, 9 Cal. 4th at 474, the California Supreme Court held that a habeas petitioner must allege with sufficient particularity the facts warranting habeas relief and must include copies of reasonably available documentary evidence supporting the claims with his petition.

In Kim v. Villalobos, 799 F.2d 1317 (9th Cir. 1986), the Ninth Circuit tasked the district courts to examine claims of procedural default based on a failure to exhaust with a critical eye. In Kim, the petitioner came to federal court with a habeas petition following the California Supreme Court's postcard denials of his two state habeas petitions. Each denial cited a number of cases but provided no other reasoning. Id. at 1318. The Ninth Circuit rejected respondent's argument that the federal petition was unexhausted to the extent that the denial was based on In re Swain, 34 Cal.2d 300 (1949). Id. at 1319. The Ninth Circuit agreed that a citation to a particular portion of the Swain decision indicates that the state court found the petitioner had not presented his claims with sufficient particularity, but said:

> We cannot accept the State's premise that the California Supreme Court's citation of *Swain* establishes *per se* that Kim failed to exhaust . . . .

> Here Kim contends that he did allege his claims with particularity, and that they are incapable of being alleged with any greater particularity . . . . The state courts, by denying a writ for lack of particularity when the claims are alleged with as much particularity as is practicable, cannot forever preclude the petitioner from reaching federal court . . . . It is therefore incumbent upon us, in determining whether the federal standard of "fair presentation" of a claim to the state courts has been met, independently to examine Kim's petition to the California Supreme Court. The mere citation of *In re Swain* does not preclude such review.

Kim, 799 F.2d at 1319-20. See also Down v. Haviland, No. CIV S-09-2794 MCE EFB P, 2011 WL 534247, at *1-2 (E.D. Cal. Feb. 14, 2011) (Rejecting respondent's argument that the California Supreme Court's citation to Duvall in denying relief established that the claims had not been fairly presented to that court and reaching the conclusion that six of the eight habeas claims in question had been exhausted after conducting the independent examination required under Kim.) Cf O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("the exhaustion doctrine. . . turns on an inquiry into what procedures are 'available' under state law").

Conducting the independent examination required by the decision in Kim to this case leads the court to conclude that petitioner's two due process claims were fairly presented in his habeas petition filed with the California Supreme Court. In the first habeas claim presented to the California Supreme Court, petitioner argued that his due process rights were violated due to a lack of notice with respect to the charges against him. Specifically, petitioner alleged that he was not provided documents prior to his disciplinary hearing as required. (Doc. No. 11 at 28.) Petitioner also identified the specific documents he did not receive, which included the CDC 115 rules violation report, the investigative employee report and the incident report. (Id.) In the second claim presented to the California Supreme Court, petitioner contended that the hearing officer at his disciplinary hearing was biased because the officer gave greater weight to the reporting employee's statements than to petitioner's contrary assertions of innocense. (Id. at 29.) Petitioner also asserted that the disciplinary hearing decision was not supported by the "preponderance of evidence." (Id.)

5

The court finds that petitioner's due process claims were fairly presented to the California Supreme Court, with as much particularly as practicable.  In addition, respondent's argument that petitioner failed to provide copies of available documentary evidence along with the petition he filed with the California Supreme Court is unsupported.  Respondent has provided this court with a copy of the habeas petition filed by petitioner with the California Supreme Court.  That state habeas petition included a copy of petitioner's inmate grievance, grievance decisions rendered by prison officials at the second and third levels of review, and court rulings on petitioner's habeas applications filed with the Solano County Superior Court and California Court of Appeal.  See Doc. No. 11 at 32-41 (MTD, Ex. 6).  Respondent has not identified any other documentary evidence that was available to petitioner and was not provided to the California Supreme Court in support of his application for habeas relief.

Therefore, the respondent's motion to dismiss this action due to petitioner's failure to satisfy the exhaustion requirement should be denied.

## WHETHER THE PETITION STATES A COGNIZABLE CLAIM

A. <u>Legal Standards Applicable to Motions to Dismiss Habeas Actions</u>

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  Respondent's pending motion to dismiss is brought pursuant to Rule 4.

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts."  <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

/////

1  B.  <u>The Nature of Relief Sought and Whether It is Likely to Effect a Parole Determination</u>

2            In his amended habeas petition, petitioner challenges his prison disciplinary

3  conviction.[2]  In addition, as petitioner clarified in his opposition to the pending motion to

4  dismiss, petitioner seeks to have the rules violation report issued against him "dismissed," his

5  forfeited time credits restored, and the nine-month SHU term imposed on the disciplinary

6  conviction "abolished."  (Doc. No. 12, ¶ 6 at 2.)  As petitioner explains in his opposition to the

7  motion to dismiss, expungement of the disciplinary convictions is sought because the challenged

8  rules violation report may be relied upon by the Board of Parole Hearings to deny petitioner

9  parole and to postpone his next parole suitability hearing for fifteen years.  (<u>Id.</u> ¶¶ 7 & 9 at 2-3.)

10           The establishment of jurisdiction is a necessary prerequisite to proceeding with

11  this action.  <u>Wilson v. Belleque</u>, 554 F.3d 816, 821 (9th Cir. 2009).  Federal habeas corpus

12  jurisdiction lies for claims that go to "the validity of the fact or length of [prison] confinement."

13  <u>Preiser</u>, 411 U.S. at 490.

14           First, to the extent petitioner seeks the restoration of his forfeited time credits he

15  has failed to state a cognizable claim to federal habeas relief.   This is because petitioner is

16  serving an indeterminate life sentence with the possibility of parole and had already received his

17  first parole suitability hearing at the time of the challenged prison disciplinary conviction.  Thus,

18  the 90 days of time credits forfeited as a result of the challenged disciplinary conviction had no

19  bearing on the fact or duration of petitioner's confinement because they neither extended his life

20  term nor extended his minimum term.  <u>See</u> <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir.

---

[2]  The court rejects respondent's argument that the amended petition should be dismissed for failure to state a claim because petitioner failed to allege sufficient substantive facts, such as the date of the disciplinary hearing and whether he exhausted administrative remedies.  It is true that petitions containing only vague, conclusory, or palpably incredible allegations are subject to summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).  Here, however, the court finds that petitioner has sufficiently alleged his challenge to the prison disciplinary hearing and resulting conviction at issue.  In addition, petitioner's amended petition alleges facts that "point to a real possibility of constitutional error."  <u>O'Bremski v. Maass</u>, 915 F.2d. 418, 420 (9th Cir. 1990) (internal quotation marks omitted).  Thus, summary dismissal is not appropriate.

1989) (federal habeas relief available "when a petitioner seeks expungement of a disciplinary finding from his record and if the expungement is likely to accelerate the prisoner's eligibility for parole."); see also Calderon-Silva v. Uribe, No. SACV 09-832 MMM(JC), 2010 WL 53992895, at * 2 (C.D. Cal. Aug. 31, 2010) ( In light of petitioner's indeterminate life sentence, "the punishment that resulted from the allegedly unconstitutional disciplinary proceedings has no bearing on the fact or duration of petitioner's confinement . . . ."); Thomas v. Wong, No. C 09-0733 JSW (PR), 2010 WL 1233909, at 3-4 (N.D. Cal. Mar. 26, 2010) (same); Norman v. Salazar, No. CV 08-8532-AHM (JEM), 2010 WL 2197541, at *2 (C.D. Cal. Jan 26, 2010) (same).

As to the remaining aspect of petitioner's claim, it is clear that federal habeas jurisdiction exists where expungement of a prison disciplinary record is "'likely to accelerate the prisoner's eligibility for parole.'" Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (quoting Bostic, 884 F.2d at 1269).  See also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[T]he potential relationship between [petitioner's] claim and the duration of his confinement is undeniable.  In such a case, we are reluctant to unnecessarily constrain our jurisdiction to entertain habeas petitions absent clear indicia of congressional intent to do so."); Martin v. Tilton, No. 08-55392, 2011 WL 1624989, at *1 (9th Cir. April 29, 2011) ("Even though Martin did not forfeit any work-time credits as a result of the disciplinary finding, we have jurisdiction because the Board of Parole will consider the charge [mutual combat without serious injury] when it evaluates Martin's eligibility for parole.")[3]; Rodriquez v. Swarthout, No. 2:10-cv-1226 GEB KJN P, 2011 WL 23126, at *2 (E.D. Cal. Jan. 4, 2011) (recommending that a motion to dismiss habeas action be denied because reversal or expungement of the rules violation conviction in that case was likely to accelerate petitioner's eligibility for parole particularly where in denying parole the Board specifically warned petitioner that he should become

---

[3] Pursuant to Ninth Circuit Local Rule 36-3, unpublished dispositions issued on or after January 1, 2007, may be cited to the courts of the Ninth Circuit in accordance with Fed. R. App. P. 32.1 but are not precedent.

disciplinary free); Maxwell v. Neotti, No. 09cv2660-L (BLM), 2010 WL 3338806, at *6 (S.D. Cal. July 15, 2010) (concluding that habeas action was appropriately pursued where the petitioner sought expungement and reversal of his disciplinary conviction and dismissal of what were "serious misconduct" charges likely to effect parole consideration under state law); Drake v. Felker, No. 2:07-cv-00577(JKS), 2007 WL 4404432, at *2 (E.D. Cal. Dec. 13, 2007) (concluding that a habeas action was cognizable to challenge prison disciplinary conviction for battery on a peace officer because it "will almost certainly come back to haunt . . . .[petitioner] when the parole board reviews his suitability for parole.").

      Given these authorities, the relevant question is whether expungement of the challenged disciplinary conviction for indecent exposure would likely accelerate petitioner's release on parole or "could potentially affect the duration of his confinement." Docken, 393 F.3d at 1031. Petitioner's allegations in this regard, set forth in his hand-written pro se pleadings, are not fairly characterized as completely speculative; however, neither are they detailed or precise. Essentially, petitioner argues that he is concerned that due to the nature of his prison disciplinary conviction for indecent exposure that his next parole suitability hearing will be delayed for up to the newly authorized maximum period of fifteen years and/or that he will not receive favorable consideration for release on parole when a hearing is held. The court concludes that petitioner's concerns are not only not unduly speculative but that, in fact, the disciplinary conviction at issue is both likely to effect when he is considered for parole and potentially threatens to effect the duration of his confinement. Therefore federal habeas jurisdiction lies with this court over the instant petition.

      Instructive in this regard is a recent federal habeas action in which a petitioner challenged his prison rules violation conviction for "manipulating staff" and respondents moved to dismiss the petition on grounds similar to those raised here. The District Court found that a cognizable claim for federal habeas relief had been stated and denied the motion to dismiss, explaining:

In California, a prisoner who "will pose an unreasonable risk of danger to society if released from prison" is not suitable for release from prison, regardless of the amount of time served. Cal. Code Regs. tit. 15, § 2402(a). In considering suitability, the Board is required to consider "all relevant, reliable information available," including "behavior before, during, and after the crime." Id., § 2402(b). The circumstances tending to show unsuitability include whether "[t]he prisoner has engaged in serious misconduct in prison or jail." Id., § 2402(c)(6). Likewise, institutional behavior is given additional consideration among the circumstances tending to show suitability for parole because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id., § 2402(d)(9). The unsuitability and suitability factors are "set forth as general guidelines" to be considered by the parole board. Id., § 2402(c), (d). The presence of a prison disciplinary conviction can therefore diminish the chance that an inmate will be granted a parole date. This court has reviewed numerous transcripts from parole hearings at which California prison inmates have been denied parole due, at least in part, to the presence of one or more prison disciplinary convictions, and where inmates have been advised by Board panels to become or remain disciplinary free pending their next parole hearing.

Petitioner's disciplinary violation is the type of relevant information that section 2402(b) requires parole boards to consider because it reflects on petitioner's behavior "after the crime," it is serious misconduct in prison or jail," and it is a possible indicator that petitioner is unable or unwilling to comply with society's rules. Id. Expungement of petitioner's prison disciplinary violation, if warranted, could affect the duration of his confinement by making it more likely that he would be granted parole. See, e.g., Martin v. Tilton, No. 08–55392, 2011 WL 1624989, at *1 (9th Cir. April 29, 2011) (unpublished memorandum disposition) ("Even though Martin did not forfeit any work-time credits as a result of the disciplinary finding, we have jurisdiction because the Board of Parole will consider the charge when it evaluates Martin's eligibility for parole."); Cleveland v. Curry, No. 10–0592 CRB, 2010 WL 4595186, at *2 (N.D. Cal. Nov.5, 2010) (claim seeking expungement of serious disciplinary violation cognizable on habeas review, even though thirty-day credit loss had no effect on sentence, because expungement was likely to accelerate prisoner's eligibility for parole); Murphy v. Department of Corrections and Rehabilitation, No. C 06–4956 MHP, 2008 WL 111226, at *7 (N.D. Cal. Jan. 9, 2008) (action seeking expungement of serious disciplinary conviction cognizable on habeas review because expungement could affect the duration of the petitioner's confinement by making it more likely that he would be granted parole); Dutra v. Department of Corrections and Rehabilitation, No. C 06–0323 MHP, 2007 WL 3306638, at *6 (N.D. Cal. Nov.6, 2007) (claim seeking expungement of disciplinary conviction cognizable on habeas review because "convictions secured for

> disciplinary violations in such a proceeding may be a factor in an inmate's parole consideration hearing").
>
> On the other hand, there is no evidence before the court that petitioner has ever been denied a parole date on the basis of his prison disciplinary record. In that sense, whether or not the presence of this disciplinary conviction would affect his parole eligibility is somewhat speculative. As noted by respondent, the decision to grant or deny parole is based on a myriad of considerations. Cf. Sandin, 515 U.S. at 487 (discussing whether a protected liberty interest was asserted, and stating, "The chance that a finding of misconduct will alter the balance [or a parole suitability decision] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause"); Ramirez, 334 F.3d at 859 (successful challenge to a prison disciplinary proceeding will not necessarily shorten the length of confinement because the Board could deny parole for other reasons); Norman v. Salazar, No. CV 08–8532–AHM (JEM), 2010 WL 2197541, at *2 (C.D. Cal. Jan.26, 2010) ("the mere possibility that the 2006 disciplinary conviction could be detrimental to petitioner in future parole hearings is too speculative to serve as the basis for a habeas corpus petition"); Santibanez v. Marshall, No. CV 07–00612–GEF (MAN), 2009 WL 1873044 (C.D. Cal. June 30, 2009) (claim seeking expungement of disciplinary conviction not cognizable on habeas review because it would have only speculative impact on the petitioner's consideration for parole in the future, the petitioner had other prison disciplinary convictions on his record as well, and he did not explicitly raise any concern that the information may have an effect on his consideration for parole in the future).
>
> In this case, although expungement of petitioner's disciplinary conviction would not "necessarily shorten [his] sentence," Ramirez, 34 F.3d at 859, it is "likely" to accelerate his eligibility for parole, Bostic, 884 F.2d at 1269, and/or "could potentially affect the duration of his confinement." Docken, 393 F.3d at 1031. [fn omitted.] After a careful review of the cases cited above, the court concludes that petitioner has stated a claim cognizable on habeas corpus. Expungement of a disciplinary conviction from an inmate's record is likely to accelerate his eligibility for parole and could potentially affect the duration of his confinement. Accordingly, respondent's motion to dismiss is DENIED.

Rodarte v. Grounds, No. C 10-4517 RMW (PR), 2011 WL 2531300, at *3-4 (N.D. Cal. June 24, 2011). See also Avina v. Adams, No. 1:10-cv-00790 OWW MJS HC, 2011 WL 3101790, at *3-4 (E.D. Cal. July 22, 2011) (court had habeas jurisdiction to review petitioner's challenge to an unspecified prison disciplinary conviction because reversal or expungement thereof would both

11

likely accelerate petitioner's eligibility for parole and could potentially affect the duration of his confinement under governing California regulations); Flores v. Lewis, No. C 10-2773 RMW (PR), 2011 WL 2531240, at *2-4 (N.D. Cal. June 24, 2011) (same in federal habeas action challenging prison gang validation proceedings); Takechi v. Lewis, No. C 10-3777 LHK (PR), 2011 WL 2039423, at *2-3 (N.D. Cal. May 24, 2011) (same in federal habeas action challenging prison disciplinary conviction for disobeying a direct order); Hardney v. Carey, No. CIV S 06-0300 LKK EFB P, 2011 WL 1302147, at *5-8 (E.D. Cal. Mar. 31, 2011) (same in federal habeas action challenging prison disciplinary conviction for refusing a cell move) (and cases cited therein).[4]

Therefore, for the reasons set forth above, respondent's motion to dismiss should be denied.

/////

/////

---

[4] The undersigned recognizes that under different circumstances district courts have concluded that the impact of a challenged prison disciplinary conviction on a petitioner's release on parole is simply too speculative to base federal habeas jurisdiction upon. See Cooke v. Dep't of Corrections, No. 2:10-cv-2399 FCD DAD (HC), 2011 WL 2962377, at *1 (E.D. Cal. July 20, 2011) (Where no good time credits forfeited, petitioner's minimum parole eligibility date was more than eleven years in the future and it was established that date would not be impacted by the challenged disciplinary conviction, habeas jurisdiction was lacking); Aguilar v. Haviland, 2011 WL 2066762, at *4 (E.D. Cal. May 23, 2011) (habeas jurisdiction lacking based on the record in that case which reflected that expungement or reversal of the disciplinary conviction at issue "is not likely to accelerate petitioner's eligibility for parole."); Calderon-Silva v. Uribe, No. SACV 09-832 MMM(JC), 2010 WL 5392895, at *3 (C.D. Cal. Aug. 31, 2010) ("Although a disciplinary conviction may not help an inmate who is seeking release on parole, it is only one of a myriad of considerations relevant to a parole decision and does not inevitably affect the length of the prisoner's sentence."); Maxwell, 2010 WL at *7 (same); Sheley v. Uribe, No. 09-CV-2221-WQH (JMA), 2010 WL 3747874, at *3 (S.D. Cal. June 21, 2010) (same); Robb v. Haviland, No. CIV S-09-2007-JAM-CMK-P, 2010 WL 582061, at *3 (E.D. Cal. Feb. 12, 2010) (same). Given the nature of the disciplinary conviction being challenged and the circumstances presented in this action, the undersigned is not persuaded that such holdings (including one by the undersigned) are inconsistent with the conclusion reached above. Finally, the court is mindful of the Ninth Circuit's admonition that federal habeas and § 1983 are not mutually exclusive and that when dealing with claims outside the "core" of habeas jurisdiction the courts should be "reluctant to unnecessarily constrain our jurisdiction to entertain habeas petitions absent clear indicia of congressional intent to do so." Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004).

**CONCLUSION**

In accordance with the above, IT IS HEREBY IT IS HEREBY RECOMMENDED that:

1. Respondent's October 1, 2010 motion to dismiss the amended petition (Doc. No. 11) be denied;

2. Respondent be directed to file an answer to petitioner's amended petition within sixty days. <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases.  The answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ngu0704.mtd